# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8190 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Michael E. Slaughter vs. Federal Mogul Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss (14-1) is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | AUG 3 1 2004 date docketed | 19 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | JXM docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT CLERK | 8/25/2004 date mailed notice | |
| | courtroom | | 2004 AUG 27 AM 9:23 | | |
| GL | deputy's initials | | | GL | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL E. SLAUGHTER )
)
)
Plaintiff, ) No. 03 C 8190
)
v. )
)
FEDERAL MOGUL CORPORATION )
)
)
Defendant. )

DOCKETEL
AUG ? 1 2004

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Defendant Federal Mogul Corp. ("Federal Mogul") has moved to dismiss Plaintiff's entire complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. Specifically, Federal Mogul claims that Plaintiff, Michael Slaughter, did not effect service of the complaint within the 120-day window provided by Federal Rule of Civil Procedure 4(m). Federal Mogul also moves to dismiss Plaintiff's §1983 claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we grant in part and deny in part Federal Mogul's motion to dismiss.

## DISCUSSION

I. <u>Federal Mogul's Motion to Dismiss Due to Insufficiency of Service of Process</u>

Plaintiff filed this Complaint on November 14, 2003, alleging race discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e, *et. seq.*, 42 U.S.C. §1981, and 42 U.S.C. §1983. On this same date, Plaintiff filed an application to proceed *in forma pauperis* and a motion for

---

[1]The Complaint alleges violations of three federal statutes: Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e, *et. seq.*, 42 U.S.C. §1981, and 42 U.S.C. §1983.

appointment of counsel. On February 20, 2004, we granted this application to proceed *in forma pauperis* and appointed Daniel M. Feeny as counsel for Plaintiff. Feeny subsequently moved for leave to withdraw as Plaintiff's counsel, and we granted this motion on March 3, 2004. We then appointed Richard P. Long as Plaintiff's counsel. Long also moved for leave to withdraw; this motion was granted on April 28, 2004, and Daniel J. Boddicker was appointed as Plaintiff's counsel. On June 10, 2004, a status hearing was held and we directed Plaintiff to effect service on Defendant prior to the next status date set for August 12, 2004. Defendant was served with the Alias Summons and Complaint on June 24, 2004.

Federal Mogul asserts that we must dismiss this action because Slaughter did not effect service on Federal Mogul within 120 days after the Complaint was filed, as is required by Rule 4(m). Federal Mogul further argues that Slaughter has failed to show good cause that would excuse untimely service.[2] We disagree.

Federal Mogul misconstrues Rule 4(m). Under Rule 4(m), when service is not made within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative . . . , shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time* . . . ." Fed. R. Civ. P. 4(m) (emphasis added). The Rule's plain language is clear that a court has discretion to extend the time for service on its own initiative. Furthermore, while the Rule limits a court's discretion by requiring an extension of the period for service if the plaintiff shows good cause, the Seventh Circuit has held that Rule 4(m) does not limit a court's discretion to order such an extension without a showing of good cause. *Panares v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996). At the June 10, 2004 status hearing we extended the time for service until the next status

---

[2]Under Rule 4(m), "if the plaintiff shows good cause for the failure [to serve within 120 days], the court shall extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m).

2

hearing on August 12, 2004. Because service was effected prior to August 12, 2004, and Defendant alleges no additional defects in service, service was proper. Therefore, Defendant's motion to dismiss the entire action pursuant to Rule 12(b)(5) is denied.

II. Federal Mogul's Motion to Dismiss Slaughter's § 1983 Claim

Pursuant to Rule 12(b)(6), Federal Mogul moves to dismiss Plaintiff's §1983 claim. In considering a motion to dismiss, we accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Marshall Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Thus, dismissal under Rule 12(b)(6) is granted only when it appears that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff alleges the following facts, which we accept as true for purposes of this motion. On or about June 17, 2002, Plaintiff sought employment with Federal Mogul. Plaintiff was denied employment on the basis of his race. Later, Plaintiff worked for Defendant on a temporary basis through a temporary staffing agency. According to the Plaintiff, however, despite this temporary experience, Defendant still refused to hire Plaintiff on a permanent basis because of the Plaintiff's race. On April 18, 2003, Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC subsequently issued a right to sue letter to Plaintiff on October 1, 2003. On November 17, 2003, Plaintiff, unrepresented at the time, filed the instant Complaint using the court's employment discrimination form. In completing this form, Plaintiff checked the box indicating that he was suing "the defendant, a state or local government agency" for race discrimination under 42 U.S.C. §1983.

To state a cause of action under § 1983, a plaintiff must show that: "(1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law." *Fries v. Helsper*, 146 F.3d 452, 457 (7th

3

Cir. 1998) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). Purely private action, therefore, is not actionable under §1983. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982). Thus, when suing a private party under §1983, a plaintiff must allege some form of state involvement. *See Cunnigham v. Southlake Ctr. For Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991) (noting that plaintiff must show sufficient state involvement to prevail against a private defendant in a §1983 action) (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 192 (1988)).

The Defendant in this case, Federal Mogul, is a private litigant. Plaintiff acknowledges in his reply to this motion that the Complaint erroneously identifies the Defendant as a government agency. (Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss at 2). Furthermore, Plaintiff has not alleged any state involvement relating to Federal Mogul's alleged discrimination that would support a §1983 claim against a private litigant. For these reasons, Federal Mogul's motion to dismiss Plaintiff's §1983 claim is granted.[3] It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 8/25/04

---

[3] Defendant's 12(b)(6) motion was made only as to Plaintiff's §1983 claim. Therefore, the Complaint's remaining counts under Title VII and §1981 are unaffected by this ruling.

4